**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA ARCHILA-RIVERA, | No. 07-73780 |
| Petitioner, | Agency No. A097-478-273 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 30, 2011
Pasadena, California

Before: SCHROEDER and GOULD, Circuit Judges, and SEEBORG, District
Judge.[**]

Maria Archila-Rivera ("Petitioner"), a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") decision

affirming an Immigration Judge's ("IJ") denial of her applications for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Richard Seeborg, United States District Judge for
Northern District of California, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT"). In the alternative, she seeks post-voluntary departure relief.

Petitioner seeks asylum or withholding of removal on the ground that she fears persecution as a member of a particular social group within the meaning of the Immigration and Nationality Act. She correctly argues that the BIA and IJ erred in holding that unmarried, indigent women may not constitute a protected group. We have held otherwise. *Perdomo v. Holder*, 611 F.3d 662, 669 (9th Cir. 2010) (holding that women in Guatemala may constitute a particular social group). The record does not, however, compel a finding that Petitioner suffered past persecution or a well-founded fear of future persecution on account of her membership in such a group. She was a victim of robbery and random violence that affected members of all social classes in El Salvador. The administrative findings on the lack of a causal connection or nexus are supported by substantial evidence. She was, therefore, not entitled to asylum or withholding of removal.

With respect to Petitioner's application for relief under CAT, she contends that the IJ and BIA looked only to her past experiences and did not consider all the evidence relevant to the possibility of future torture. We presume that the IJ and BIA reviewed the evidence in the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (we presume the BIA reviewed the record); *Almaghzar v.*

*Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) (we presume the IJ reviewed the record). That evidence, while reflecting that there was widespread violence in the country, including violence against women, did not compel a finding that such violence amounted to torture as required for CAT protection. *Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003) (reasoning that when multiple claims for relief are based on essentially the same evidence, the failure to satisfy the burden of proof for withholding of removal is strong evidence of a failure to satisfy the high bar for obtaining CAT protection).

This court lacks jurisdiction to consider petitioner's claim that the IJ should have granted her post-voluntary departure. *See* 8 U.S.C. § 1229c(f) (notably 8 U.S.C. § 1252(a)(2)(D), which restores this court's jurisdiction over questions of law, is only effective as to applications filed on or after May 11, 2005).

Petition for review **DENIED**.